FILED
2010 Sep-03 AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK AMASON,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO. 7:09-CV-02117** |
| **KANGAROO EXPRESS and THE PANTRY, INC.;** | * | |
| | * | |
| **Defendants.** | * | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Patrick Amason ("Amason") moves this Court, pursuant to Fed. R. Civ. P. 15, to amend his Complaint to assert claims on behalf of an additional class representative, Enger C. McConnell ("McConnell"). The grounds for this Motion are as follows:

1. Amason filed this action on October 20, 2009. In his Complaint, Amason asserted claims for violation of the Fair and Accurate Credit Transaction Act ("FACTA") on his own behalf and as representative of a putative nationwide class of Defendants' customers. FACTA generally requires the truncation of credit card numbers printed on receipts. Amason's receipt, which forms the basis of his complaint, was not properly truncated by Defendants, in that it revealed the first

four and last four digits of his credit card number, in clear and direct violation of FACTA.

2. The class definition in the original Complaint comprised all persons in the United States whose credit or other payment cards were used for payment at any location, store, or facility operated by Defendants (including but not limited to the Skyland Boulevard East Kangaroo Express gasoline station in Tuscaloosa, Alabama) in the United States, on or after December 4, 2006, and continuing through the resolution of this case, and regarding whose cards Defendants processed or printed an electronically printed receipt on which more than the last five digits of the consumer's credit card and/or debit card number were printed.

3. Defendants' initial disclosures and answers to interrogatories focused on the facts and circumstances surrounding the printing of the type of receipt presented to Amason; namely, receipts that printed the first four and last four digits of the cardholder's credit card number. Defendants disclosed, in both their initial disclosures and their answers to interrogatories, that the Amason receipt was created by a software system developed by a third-party vendor named Retalix. Defendants have taken the position throughout the litigation that the printing of the Amason receipt resulted from Defendants' changeover of hundreds of its retail

stores to the Retalix software system, which occurred from early 2007 through 2010.

4. In Defendants' production of documents in this matter, Plaintiff's counsel discovered that there were receipts printed during the class period which, unlike Amason's receipt (which printed the first four and last for card digits), actually contained the full credit card number and the name of the cardholder. In depositions of Defendants' representatives taken on August 25-27, 2010, Defendants revealed that the receipts which contained the full credit card numbers were printed using a software system in some of Defendants' stores called Verifone, i.e., a different software from the Retalix system which to that point had been represented as the sole reason for Defendants' FACTA violations in issue in this case.

5. Based on the foregoing, Amason and his counsel are of the opinion that an additional class representative would be desirable, for the group of class members whose receipts were generated and printed using the Verifone software. McConnell, the putative additional plaintiff, is herself a member of the original class proposed to be certified in this action as asserted by Amason. However, now that Plaintiff's counsel knows that at least two separate software systems are implicated by Defendants' conduct, Plaintiff seeks to amend the Complaint by (1)

adding McConnell as an additional representative for the Verifone class members, and (2) creating two subclasses to the putative class -- a "Verifone" subclass represented by McConnell, and a "Retalix" subclass to be represented by Amason.

6. It is important to note that the proposed Amendment to the Complaint does not add new theories of liability or substantially different factual predicates for liability (other than the involvement of the Verifone software revealed in the August 25-27 depositions). The changes to the complaint effected by the proposed Amendment concern only the addition of McConnell and the delineating of the two subclasses.

7. Plaintiff notes further that the original Scheduling Order of March 23, 2010 set out a pleading deadline, but not one applicable to amendments by Plaintiff. Nevertheless, the need for the proposed Amendment and the addition of McConnell as a putative class representative was occasioned by the disclosure of Defendants of the involvement of the Verifone software. Therefore, the need for amendment is not due to inattention or lack of diligence by Plaintiff.

8. The proposed Amendment will not unduly delay or prejudice the proceedings in this case. The discovery conducted thus far by Amason applies to the class entire, and certainly to the members of the proposed Retalix subclass. However, the recent revelation of the involvement of the Verifone software will

necessitate additional fact discovery, bearing on both merits and class certification issues. The requested amendment will therefore require a new Scheduling Order setting forth reasonable extensions of time (Plaintiff respectfully suggests 90-120 days) for the completion of discovery, and briefing of matters relating to class certification.

9. Before filing this Motion, Plaintiff's counsel set and conducted a telephone conference with Defendants' counsel to discuss this matter and to ascertain Defendants' position regarding the proposed Amendment. Defendants' counsel has not notified Plaintiff's counsel of a definitive position to be taken by Defendants regarding the Motion.

WHEREFORE, Amason hereby requests that the Court grant leave to amend the Complaint for the purpose of allowing putative Plaintiff McConnell to assert claims in this action, and that the Court further extend the existing discovery schedule on its own or, in the alternative, direct the parties to propose an extended discovery schedule.

**/s/ Wilson F. Green**
STEVEN L. NICHOLAS
BRYAN E. COMER
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
(251) 471-6191

(251) 479-1031 (fax)
sln@cunninghambounds.com
bec@cunninghambounds.com

WILSON F. GREEN
Fleenor Green & McKinney LLP
204 Marina Drive, Suite 200
Tuscaloosa, Alabama 35406
(205) 722-1018
(205) 776-2606 (fax)
wgreen@fleenorgreen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, the undersigned filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dylan C. Black
Keith S. Anderson
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

**/s/Wilson F. Green**
Of Counsel