# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **PATRICK AMASON, et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No.: 7:09-CV-2117-RDP |
| **KANGAROO EXPRESS, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendant The Pantry's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) or, in the Alternative, Motion to Stay with Supporting Brief (Doc. # 61), filed September 20, 2011. The motion has been fully briefed. (Docs. # 62, 67). Having considered the briefs and evidentiary submissions and for the reasons set out below, the court finds that the motion (Doc. # 61) is due to be granted on the alternative grounds of issuing a stay.

**I.     Background**

Plaintiff Patrick Amason initiated this lawsuit on October 19, 2009 (Doc. # 1). Plaintiff Enger C. McConnell later joined the lawsuit and, along with Plaintiff Amason, filed a First Amended Complaint (Doc. # 24) on September 9, 2010. On September 23, 2010, Defendants filed an Answer (Doc. # 26). On September 20, 2011, Defendant The Pantry filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) or, in the Alternative, Motion to Stay with Supporting Brief (Doc. # 61).[1] On October 3, 2011, Plaintiffs filed their Response (Doc. # 62) and on October 6, 2011,

---

[1] In Defendants' Answer, Defendants stated that "Kangaroo Express" is a "d/b/a name of The Pantry, Inc. and is not a corporate entity capable of being sued." (Doc. # 26 at 1 n.1). The motion to dismiss was filed only on behalf of The Pantry. Accordingly, the court's references to "Defendant" refers only to The Pantry.

Defendant filed its Reply Brief (Doc. # 67).  Plaintiffs seek to pursue this matter as a class action suit, and their motion requesting class certification (Doc. # 65) remains pending before the court.

Plaintiffs assert that Defendants violated § 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq*., by printing more than the last five digits of Plaintiffs' credit and debit card numbers on receipts provided to them while transacting business with Defendants.[2]  (Doc. # 24 ¶¶ 3-4).  Plaintiffs seek statutory damages of "not less than $100 and not more than $1,000" for each violation, punitive damages, and the costs of this action plus reasonable attorney's fees.  15 U.S.C. § 1681n(a)(1)-(3); (Doc. # 24 ¶¶ 35-37).  Further, Plaintiffs seek an injunction to enjoin Defendants from continuing to violate FACTA.  (Doc. # 24 at 11).  Plaintiffs do not allege that they suffered any harm from Defendants' FACTA violations.

Defendant argues that this case should be dismissed under Rule 12(b)(1) because Plaintiffs have not suffered an actual injury and therefore do not have Article III standing.  (Doc. # 61 at 1).  Alternatively, it argues this case should be stayed pending the Supreme Court's resolution of *Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010), *cert. granted*, 131 S. Ct. 3022 (U.S. June 20, 2011) (No. 10-708), which presents an issue involved in this matter: whether a federal cause of action is sufficient to create Article III standing.[3]

---

[2] Section 1681c provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g)(1).

[3] In its motion to dismiss, Defendant has provided the court with the following documents from the *Edwards* case: the Petition for a Writ of Certiorari, Respondent's Brief in Opposition, and the United States Amicus Curiae Brief arguing to deny certiorari.  (Doc. # 61 Exs. A-C).  In its reply, Defendant submitted two more documents from the *Edwards* case: an Amici Curiae brief filed jointly by Facebook, Inc., LinkedIn Corp., Yahoo! Inc., and Zynga Inc. in support of Petitioners; and an Amicus Curiae brief from the International Association of Defense Counsel in support of Petitioners.  (Doc. # 67 Exs. A-B).  These documents, along with other materials from *Edwards*, can also be found on Westlaw or at SCOTUSblog.  *First American Financial Corp. v. Edwards*, SCOTUSblog.com, www.scotusblog.com/case-files/cases/first-american-financial-corp-v-edwards/ (last visited Jan. 12, 2012).

Plaintiffs argue that a statutory violation satisfies the Article III requirement for standing, thereby rendering Defendant's violation of Plaintiffs' rights under FACTA an Article III injury. (Doc. # 62 at 5-11). Further, Plaintiffs contend that this matter should not be stayed pending the Court's resolution of *Edwards* because that case involves facts particular to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and its resolution will not affect this action. (Doc. # 62 at 11-12).

## II.     Whether the Court Should Stay this Action[4]

A federal district court has inherent authority to stay cases to conserve the time and effort of the litigants and itself. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting a court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). When the Supreme Court issues a decision in civil cases, the decision governs all cases pending at the time the Court issues its opinion. *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("When th[e] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.")

The issue before the court is whether the purported violations of Plaintiffs' statutory rights are sufficient to satisfy the Article III injury requirement. Plaintiffs argue that the law is clear in that once Congress creates rights, the violation of those rights gives rise to standing, even in the absence of a palpable economic injury. Defendant contends that when a plaintiff's statutory right has been

---

[4] The court need not address the merits of Defendant's motion to dismiss because the court concludes that this case should be stayed. Indeed, the law governing the issue presented in the motion to dismiss is not clear-cut and may be resolved (or at least partially answered) by the Court's decision in *Edwards*.

violated, the law still requires a plaintiff to show some actual injury to establish standing.

### A.     What is Required for Standing under Article III of the Constitution

To assert a claim in federal court, a plaintiff must demonstrate standing under Article III of the Constitution. *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1439 (2011). The Supreme Court explained the three elements of the "irreducible constitutional minimum of standing" in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992):

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (internal quotations and citations omitted).[5]  That the injury must be "particularized" means that it must "affect the plaintiff in a personal and individual way." *Id*. at n.1.  To show an injury in fact, a plaintiff must demonstrate that "he personally has suffered some actual or threatened injury." *CAMP Legal Defense Fund v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006) (citations omitted).

In *Warth v. Seldin*, the Supreme Court announced that "[t]he . . . injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing . . .'" 422 U.S. 490, 500 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973)). Several cases have interpreted this statement as equating constitutional standing with any statutory

---

[5] The Supreme Court has also articulated three prudential considerations for assessing standing, *Allen v. Wright*, 468 U.S. 737, 751 (1984), which are not relevant at this point because Defendant has not argued that any of these considerations weigh against standing.

violation. *See, e.g.*, *In re Carter*, 553 F.3d 979, 989 (6th Cir. 2009). However, the *Warth* decision also emphasized that "Art[icle] III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself," *Warth*, 422 at 501, leading other cases to view *Warth* as requiring Article III standing even when there has been a statutory violation, *see, e.g., United States v. Weiss*, 467 F.3d 1300, 1310-1311 (11th Cir. 2006). Moreover, the *Lujan* decision questioned the extent of the *Warth* statement that has been interpreted as conflating constitutional standing with any statutory violation, and pointed out that there is a difference between expanding the statutory categories of injury that may be alleged to support a finding of standing and eliminating the requirement that a plaintiff must have suffered an injury to have standing. *Lujan*, 504 U.S. at 578 (citations omitted). There is disagreement among the circuits over what the Supreme Court has instructed regarding whether a statutory violation without actual harm may confer Article III standing, but the majority view appears to consider a mere statutory violation as sufficient. *See, e.g.*, *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 763 (3d Cir. 2009), *but cf. U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F. 2d 1148, 1154 (2d Cir. 1993) (noting that "some injury-in-fact must be shown to satisfy constitutional requirements, for Congress cannot waive the constitutional minimum of injury-in-fact").

The Eleventh Circuit appears to require an injury independent of a statutory violation to confer Article III standing. *See Weiss*, 467 F.3d at 1310-1311. However, neither the Supreme Court nor the Eleventh Circuit has addressed head on the issue of Article III standing in the context of FACTA violations. The majority of district courts (all outside this Circuit) that have addressed whether a plaintiff has standing to sue for the FACTA violation in this matter, *i.e.* for receiving a receipt that failed to omit certain credit card information, has determined that a mere violation of

FACTA confers standing. *See, e.g.*, *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1166-1167 (D. Kan. 2008); *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 759 (E.D. Pa. 2007).

### B. Whether the Supreme Court's Decision in the *Edwards* Case Will Affect this Action

In the Petition for Writ of Certiorari in *Edwards*, the Petitioners presented two questions to the *Supreme Court:*

> 1) Did the Ninth Circuit err in holding that a private purchaser of real estate settlement services has standing under RESPA to maintain an action in federal court in the absence of any claim that the alleged violation affected the price, quality, or other characteristics of the settlement services provided?
>
> 2) Does such a purchaser have standing to sue under Article III, § 2 of the United States Constitution, which provides that the federal judicial power is limited to "Cases" and "Controversies" and which this Court has interpreted to require the plaintiff to "have suffered an 'injury in fact,'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)?

*Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010), *petition for cert. filed*, 2010 WL 4876485, at *1 (U.S. Nov. 23, 2010) (No. 10-708). The Court granted certiorari to the Ninth Circuit Court of Appeals on the second question in the petition for writ of certiorari. *First Am. Fin. Corp. v. Edwards*, 131 S. Ct. 3022 (2011). Question two addresses the same broad standing issue that the parties have presented in this matter. Accordingly, this court agrees with Defendant that the Supreme Court's decision in *Edwards* will likely affect the outcome of this matter. The court concludes that in the interests of judicial economy and the parties involved, this action should be stayed until the Court issues its decision in *Edwards*.

### III. Conclusion

For the reasons stated above, Defendant's motion to stay (Doc. # 61) is **GRANTED** and this action is **STAYED** until the Supreme Court's decision in *Edwards*. **Within fourteen (14) days** of

any decision being released in *Edwards*, the parties **SHALL** provide this court with a copy of the Court's decision and a joint report stating their respective positions about the effect of that ruling on this case.  At that point, the court will determine how to proceed.

    **DONE** and **ORDERED** this \_\_\_\_19th\_\_\_\_ day of January, 2012.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE