# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **PATRICK AMASON, et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No.: 7:09-CV-2117-RDP |
| **KANGAROO EXPRESS, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

Before the court is Defendants'[1] Motion for Certification of Interlocutory Appeal, filed on February 28, 2013 pursuant to 28 U.S.C. § 1292(b), requesting the court to certify the question of whether Plaintiffs have an injury in fact to the United States Court of Appeals for the Eleventh Circuit. (Doc. #97). For the following reasons, the motion is due to be granted.

## I.  BACKGROUND

Plaintiffs filed a putative class action in 2009 alleging that Defendants violated the credit card number truncation requirement of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), for which Plaintiffs sought statutory damages under 15 U.S.C. § 1681n. (Doc. #24). It is uncontested that Plaintiffs have not suffered actual damages resulting from the violations of FACTA. (Doc. #24; Doc. #61).

The parties conducted discovery in 2010. In 2011, they briefed the issue of class certification and the court held hearings on that request for certification. (*See* Doc. #48). In September 2011, Plaintiffs filed a revised motion seeking certification of a smaller class than originally sought. (Doc.

---

[1] While the instant Motion was formally raised by only one of the Defendants, The Pantry, because both Defendants are affected by this litigation and are both represented by the same attorneys who challenge whether Plaintiffs have standing, the court shall refer to both Defendants throughout this order.

#79). In October 2011, Defendants sought a Rule 12(b)(6) dismissal of Plaintiffs' claim for lack of constitutional standing, arguing that Plaintiffs must show actual damages in order to establish an Article III injury in fact. (Doc. #61). The court recently announced its denial of Defendants' motion to dismiss, prompting Defendants to file this motion for certification of interlocutory appeal. (Doc. #97).

## II.   STANDARD OF REVIEW

Title 28 U.S.C. § 1292(b) provides for discretionary appellate review of an interlocutory order of a district court upon certification by the district court "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[2] An interlocutory appeal under section 1292(b) is a "rare exception" to the rule that appellate review must be conducted after final judgment. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004); *see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that section 1292(b) "sets a high threshold for certification to prevent piecemeal appeals" and that "[m]ost interlocutory orders do not meet this test").

---

[2] The statute states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Thus, Defendants must demonstrate that: (1) the court's order denying the motion to dismiss presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.  Defendants have the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (citation and internal quotation marks omitted).

The court understands that certification is proper "only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *McFarlin*, 381 F.3d at 1256 (citation and internal quotation marks omitted). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* at 1259.  The Supreme Court has noted, "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996).  The Eleventh Circuit has also enunciated a strong presumption against interlocutory appeals. *See McFarlin*, 381 F.3d at 1259 ("Because permitting piecemeal litigation is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

**III.   DISCUSSION**

An interlocutory appeal is permitted if the moving party establishes that (1) the court's order denying the motion to dismiss presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the

3

issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). There is little doubt that (1) whether a court has jurisdiction to hear a claim presents a controlling question of law and (2) the resolution of such a question would materially advance this litigation. What is at issue here is whether there is "substantial ground for difference of opinion among courts" as to the question of whether plaintiffs must demonstrate actual damages in order to satisfy the requirements of Article III jurisdiction. (Doc. #97 at 3; Doc. #98 at 6). The court finds that there is sufficient ground for disagreement to certify this question for an interlocutory appeal.

To be clear, the court believes that its decision to deny Defendants' motion to dismiss for lack of jurisdiction is correct. The court is aware that "the concept of Art. III standing has not been defined with complete consistency in all of the various cases decided by [the Supreme] Court." *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 475 (1982). Nonetheless, the fundamental elements of standing are now beyond dispute. The "constitutional minimum" of Article III standing requires (1) injury in fact, (2) causation, and (3) redressability. *Friends of the Earth v. Laidlaw Environmental Services*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560; *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 882 (2000) (citing *Lujan*); *see also Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) ("To demonstrate an injury-in-fact, [the plaintiff] is required to show that he has a legally cognizable interest that has been or is imminently at risk of being invaded").

Statutorily created substantive rights are legally protected interests for the purpose of standing analysis. *See Federal Election Commission v. Akins*, 524 U.S. 11, 20-21 (1998) (finding that The

4

Federal Election Campaign Act of 1971 gave the plaintiffs a right to information, and the infringement of that right constituted injury in fact); *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 209-11 (1972) (finding that The Civil Rights Act of 1968 created a legally protected interest in ensuring fair housing sufficient to confer standing to two white residents of an apartment complex to challenge the owner's discrimination against black applications); *Tennessee Elec. Power Co. v. Tennessee Valley Auth.*, 306 U.S. 118, 137-38 (1939) (standing is unavailable "unless the right invaded is a legal right, — one of property, one arising out of a contract, one protected against tortious invasion, or one founded on a statute which confers a privilege"); *Cox Cable Communications, Inc. v. United States*, 992 F.2d 1178, 1182 (11th Cir. 1993) ("No legally cognizable injury arises unless an interest is protected by statute or otherwise.").

  Defendants contend that the violation of a statutorily created substantive legal right is itself insufficient to confer standing and insist that a plaintiff must allege actual damages. Although this position may find support based on some of the language the Supreme Court has used in cases such as *Summers v. Earth Island Institute*, 129 S.Ct. 1142 (2009), the court has concluded that it cannot be squared with Supreme Court precedent or with well-settled principles of our legal system. *See e.g. International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 77 (1991) (finding standing based on the invasion of the right to choose a legal forum even when no standing existed in the underlying case); *Clinton v. City of New York*, 524 U.S. 417, 424 (1998) (standing was available to purchases and sellers of particular stocks based on the forgone benefit, not actual harm, imposed by the veto of a tax cut); *Pittman v. Cole*, 267 F.3d 1269, 1283 (11th Cir. 2001) ("an actual injury can exist when the plaintiff is chilled from exercising her right to free expression or forgoes expression in order to avoid enforcement consequences") (internal

5

citations omitted). Furthermore, Eleventh Circuit precedents in cases concerning the Truth in Lending Act ("TILA") buttresses the conclusion that the violation of a legally protected interest is itself an injury and that a plaintiff need not demonstrate actual physical, economic, or psychological detriment in order to be accorded standing. In *Bowen v. First Family Fin. Services, Inc.*, 233 F.3d 1331, 1341 (11th Cir. 2000), the Eleventh Circuit found that the invasion of a right to judicial remedies created by TILA can create an injury in fact when those rights have been invaded. Similar support can be found in *Higginbotham v. Ford Motor Credit Co.*, 270 F. App'x 864, 866-67 (11th Cir. 2008) (finding plaintiff had standing based on material violations of the statute and clarifying that statutory damages were available for the violation of the statute and actual damages available to compensate the plaintiff for actual harm exceeding cap for statutory damages.).

A thorough review of standing cases from the Supreme Court and the Eleventh Circuit gives this court confidence in its decision to deny Defendants' motion to dismiss. However, a similarly exhaustive review of decisions of the Eleventh Circuit and other courts involving FACTA (and related statutes) persuades this court that there is substantial ground for difference of opinion regarding the specific question of whether a violation of FACTA constitutes injury in fact for the purposes of standing.

For example, in *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1312-13 (11th Cir. 2009), the Eleventh Circuit reversed a district court's finding that FACTA was unconstitutionally vague or excessive on its face. Although the issue was at least implicated, the court did not explicitly address whether the plaintiffs in that case had standing to sue in the absence of actual damages. *Id.* at 1309-10. The court noted, in relevant part, that:

> [I]t is not yet clear at this early state in the proceedings whether the district court's assumption that none of the proposed class members suffered any actual damages is correct. Neither the FCRA, nor the plaintiffs' proposed classes, limit recover of statutory damages to those individuals who did not suffer actual damages. The district court assumed that because the plaintiffs seek statutory damages, they and the members of the putative classes did not suffer harm. This court has recognized that even though statutory damages may be used in cases where no actual damages were incurred, they are also often employed where damages are "difficult or impossible to calculate." . . . Thus, it is possible that members of the proposed classes have suffered actual harm, but that such harm is small or difficult to calculate.

*Id.* While this passage indicates that the relevant statute does not require actual damages in order to seek recovery of statutory damages, the Eleventh Circuit did not specifically address whether an allegation of actual damages is required for standing purposes. Because this issue has remained largely unaddressed and because the resolution of this controlling legal question would materially advance the ultimate termination of this litigation (as well as bring clarity in other cases), the court certifies Defendants' Motion for Interlocutory Appeal.

## IV.   CONCLUSION

For the reasons discussed above, The Pantry's Motion for Certification of Interlocutory Appeal (Doc. # 97) is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this ___11th___ day of March, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE