FILED
2014 Jul-03 AM 09:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICK AMASON, ENGER MCCONNELL, on behalf of themselves and all others similarly situated,** | } } } | |
| | } | |
| **Plaintiffs,** | } | **Case No.:  7:09-CV-02117-RDP** |
| | } | |
| **v.** | } | |
| | } | |
| **THE PANTRY, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiffs' Motion for Award of Attorney's Fees and Expenses (Doc. #113), filed on June 19, 2014.  The following evidence was filed in support of the Motion: declarations from Steven Nicholas and Wilson F. Green. (Doc. #113, Exs. 1 & 2). The court also considered the Motion at the fairness hearing conducted on July 1, 2014.  For the reasons outlined below, Plaintiffs' Motion (Doc. #113) is due to be granted.

### I.      Procedural History

The court preliminarily approved the parties' Settlement Agreement and Release (the "Agreement"—Doc. #109, Ex. 1)[1] on February 6, 2014. (Doc. #110).  Although the Agreement does not provide for set amounts of fees and expenses to be paid to Class Counsel, it does set certain parameters for the award of such fees and expenses.  Indeed, the Agreement memorializes the following, agreed-upon limits:

---

[1] This Final Judgment incorporates by reference the definitions in the Agreement, and all applicable terms used herein shall have the same meaning as set forth in the Agreement.

As a result of their negotiations and compromises, and subject to the provisions of this Section 9, The Pantry agrees not to oppose any motion by Plaintiffs, upon the entry of the Final Order and Judgment, that Class Counsel be awarded Attorney's Fees and Expenses in an amount not to exceed $1,500,000.00 (plus actual out-of-pocket costs and expenses not to exceed $60,000) . . . Class Counsel agrees not to seek or accept any amount or award of Attorney's Fees and Expenses in excess of this total aggregate amount.

(Doc. #109, Ex. 1 at 15).  The Motion currently before the court seeks precisely these amounts. (Doc. #113 at 3—"Class Counsel request approval of attorney's fees in the amount of $1,500,000.00 . . . Moreover, Class Counsel seek an Order approving payment by The Pantry to Class Counsel for their expenses, in the total amount of $60,000.00.").  Class Counsel's requested fee award of $1,500,000 amounts to 30% of the $5 million settlement fund provided for in the Agreement.

Following preliminary approval of the Settlement, Class Notice was disseminated to the Class pursuant to and in the manner directed by the court's Order of February 6, 2014.  Notice was issued to the members of the Settlement Class by means of:  (1) publication of the Summary Settlement Notice (Doc. 109-3) in each of the *Huntsville Times*, the *Birmingham News*, the *Tuscaloosa News*, the *Anniston Star*, the *Montgomery Advertiser*, and the *Mobile Register* on February 19, February 26, and March 5, 2014; (2) establishment of a Settlement Website (www.noticeclass.com/pantrysettlement), which was identified in the Summary Settlement Notice, where Class Members could access the Class Notice, Agreement, Claim Form, and other information regarding the Settlement; and (3) posting of the Summary Settlement Notice on or adjacent to the door of each and every Pantry location in Alabama from at least February 19, 2014 through at least April 12, 2014.  No objections were received in response to the Notice.  On July 1, 2014, the court conducted a fairness hearing, at which there were likewise no objections lodged.

II.     **Discussion**

A.      **Fee Award**

When attorneys create a common fund for the benefit of a class, "a reasonable fee is based on the percentage of the fund bestowed on the class." *Blum v. Stenson,* 465 U.S. 886, 900 n. 16 (1984); *Boeing Co. v. Van Gemert* (hereafter, *Van Germert), 444 U.S. 472, 478 (1980) (Since the 1880s, "this Court has recognized consistently that a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole").

The common-fund method of awarding attorney's fees is utilized to calculate fees based on a percentage of the pool of funds made available to Class Members. See *Van Germert*, 444 U.S. at 481-82 ("[t]he members of the Class, whether or not they assert their rights, are at least the equitable owners of their respective shares in the recovery [and whether they claim the money or not] cannot defeat each class member's equitable obligation to share the expenses of litigation").  Following *Van Germert*, a long line of Circuit authority confirms that common-fund fee awards are properly calculated as a percentage of benefits made available to the class, regardless of whether each class member redeems the benefits made available to class members, or even whether unclaimed benefits revert to the defendant. *Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999); *Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423, 200 (2d Cir. 2007); *Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026 (9th Cir. 1997).

Since *Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 974 (11th Cir. 1991), the Eleventh Circuit has endorsed the percentage-of-fund method for determining reasonable attorneys' fees in common-fund class actions:

> After reviewing *Blum,* the [1985 Third Circuit] Task Force Report, and the foregoing cases from other circuits, we believe that the percentage of the fund approach is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.

*Camden I,* 946 F.2d at 774-75. The *Camden I* court pointed out that "[t]he majority of common fund fee awards fall between 20% to 30% of the fund," with 25% of the fund being viewed as a "benchmark percentage fee award." *Id.*  The Court noted that 50% of the fund generally represents an upper limit, "although even larger percentages have been awarded".  In *Waters v. Int,'l Precious Metals Corp.,* 190 F.3d 1291 (11th Cir. 1999), the Court reiterated the baseline rule of *Camden I*, holding that 25 to 30% is the "benchmark range" for common fund fee awards in this Circuit. 190 F.3d at 1294-95 (affirming fee award of 33.33% of a $40 million settlement common fund).

In calculating the appropriate percentage to award, the *Camden I* court looked to the time required to reach the settlement; whether there are a substantial number of objections by class members to the settlement terms or the fees requested; the nature and extent of monetary and non-monetary benefits conferred on the class; and the economics involved in prosecuting the case. *Camden I,* 946 F.2d at 774-75. Thus, the *Camden I* court held that "there is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded a fee because the amount of any fee must be determined upon the facts of each case." 946 F.2d at 774-75.

Here, Class Counsel's requested fee award of $1,500,000 represents 30% of the total potential $5 million common fund.  Although the requested award hews closely to the 25% "benchmark" award highlighted in *Camden I* and *Waters*, the court has, out of an abundance of caution, closely considered the twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), which have traditionally been used by courts to

evaluate the reasonableness of fee awards that exceed the *Camden I* benchmark.  None of the *Johnson* factors weigh against approval of the requested fee award, and, in fact, the following factors convince the court that Class Counsel's requested award is appropriate:

- The "Time and Labor Required"—This case has been active for almost five years, during which time Class Counsel have completed extensive discovery, engaged in complicated motion practice, and participated in exhaustive mediation and settlement discussions.  In all, Class Counsel devoted approximately 2,100 hours of attorney time to the case.  This level of commitment and depth of involvement weighs in favor of awarding a fee that exceeds the benchmark.

- The "Novelty and Difficulty of the Questions Involved"—This suit alleged violations of the Fair and Accurate Credit Transaction Act ("FACTA"), a federal statute that requires careful interpretation and construction.  Likewise, the case raised complex issues related to standing and class certification, infusing it with an air of legal difficulty and uncertainty.  Under such circumstances, a fee award in excess of the benchmark is warranted.

- The "Amount Involved and the Results Obtained"—The statutory damages available to a prevailing plaintiff under FACTA range from $100 to $1,000, as determined by the court.  Given the limited amount of available damages, individual prosecution of such actions is not common, thus making the class action device the most viable method for enforcement of class members' rights.  In light of the potential recovery, the Settlement's result—under which Class Members can receive a minimum of $80 without supporting claim documentation and up to $1,000 with supporting documentation—represents nearly complete

relief for the class members, and avoids the risk and delay associated with further litigation.   Furthermore, no objections to the Settlement have been lodged, indicating the Class Members' satisfaction with the results obtained by Class Counsel.  Accordingly, this factor justifies the requested 30% attorney's fee.

• The "Experience, Reputation, and Ability of the Attorneys"—The court is exceedingly familiar with the experience, reputation, and ability of Class Counsel, as well counsel for The Pantry.  This case has, at all stages, been handled on both sides by very experienced, professional, and talented lawyers whose reputations for effective handling of complex litigation are well known throughout Alabama. This factor certainly weighs in favor of a fee that exceeds the benchmark.

• "Awards in Similar Cases"—"The majority of common fund fee awards fall between 20% to 30% of the fund." *Camden I*, 946 F.2d at 774 (citing 1 Herbert B. Newberg, *Attorney Fee Awards* 2.08, at 51 (1986)).   Indeed, in this Circuit, many awards have been approved at the 30% or more range. *See Waters v. International Precious Metals, Inc.,* 190 F.3d 1291 (11th Cir. 1999) (awarding 33.33% of the common fund of $40 million); *Faught v. Am. Home Shield Corp.,* 668 F.3d 1233, 1243 (11th Cir. 2011) (affirming this Court's award of fees to Class Counsel with two components: (1) a $1.5 million lump sum for non-monetary relief, and (2) 25% of the monetary compensation received by class members); *In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1362 (S.D. Fla. 2011) (approving 30% fee of potential pool of recovery); *In re Int'l Recovery Corp. Sec. Litig.,* Case No. 92-1474-Civ-Atkins (S.D. Fla., June 2, 1994) (fee award represented 30% of class benefit); *In re Sound Advice, Inc. Sec. Litig;* Case No. 92-6457-Civ-Ungaro-

6

Benages (S.D. Fla. March 25, 1994) (awarding 30%); *In re Perfumania, Inc., Sec.*

*Litig.,* Case No. 92-1490-Civ-Marcus (S.D. Fla. Sept. 1993) (awarding 30%)

(then-District Judge, now Circuit Judge Stanley Marcus); *Tapken v. Brown,* Case

No. 90-0691-Civ-Marcus (S.D. Fla. 1995) (awarding 33%) (ditto); *Kaser v.*

*Swann,* Case No. 90-607-Civ-Orl-3A18 (M.D. Fla. 1993) (awarding 30%);

*Ressler,* 149 F.R.D. at 655-56 (awarding 30%); *In re Aero Systems, Inc. Sec.*

*Litig.,* Case No. 90-0083-Civ-Paine (S.D. Fla. 1993) (awarding 28%).

Having considered all of the *Johnson* factors and highlighted the most pertinent ones, the
court finds that Class Counsel's requested fee award of $1,500,000 is fair and reasonable, and is,
therefore, due to be approved.

### B.    Expense Award

As noted above, Class Counsel also seek reimbursement for their litigation costs and
expenses in the amount of $60,000. This figure reflects the expense limit agreed upon by the
parties in their Settlement Agreement ("The Pantry agrees not to oppose any motion by
Plaintiffs…that Class Counsel be awarded…actual out-of-pocket costs and expenses not to
exceed $60,000), a factor that weighs heavily in favor of its reasonableness. Further, Class
Counsel submitted a number of declarations, which established that their expenses actually
exceeded $60,000 and that all of the expenses were reasonable, necessary, and incurred for the
benefit of the Class. Accordingly, the court concludes that Class Counsel's request for
reimbursement of expenses in the amount of $60,000 is reasonable and due to be approved.

### III.    Conclusion

In accordance with the analysis above, it is hereby **ORDERED, ADJUDGED,** and
**DECREED** as follows:

7

1.      Plaintiffs' Motion for Award of Attorney's Fees and Expenses (Doc. #113) is

        **GRANTED**.

2.      Class Counsel's requested fee award of $1,500,000 is **APPROVED**.

3.      Class Counsel's requested expense award of $60,000 is **APPROVED**.

**DONE** and **ORDERED** this __3rd___ day of July, 2014.


_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE